UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FELICIA JUSTICE,

              Plaintiff,

    v.

CAROLYN W COLVIN, Acting
Commissioner of Social Security,

              Defendant.

CASE NO. 3:14-CV-06001-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 19.

After reviewing the record, the Court concludes the ALJ erred by failing to provide an adequate explanation for why he found Plaintiff did not meet Listing 12.05C. Further, the Court finds outstanding issues must be resolved regarding the degree of Plaintiff's adaptive

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS- 1

1  functioning. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42

2  U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

3  <u>FACTUAL AND PROCEDURAL HISTORY</u>

4  On January 23, 2012, Plaintiff filed applications for SSI and disability insurance benefits,

5  alleging disability as of June 1, 2010. *See* Dkt. 11, Administrative Record ("AR") 63. The

6  applications were denied upon initial administrative review and on reconsideration. *See id.* A

7  hearing was held before Administrative Law Judge Glenn G. Meyers ("ALJ") on June 13, 2013.

8  *See* AR 1-47. In a decision dated June 28, 2013, the ALJ determined Plaintiff to be not disabled.

9  *See* AR 63-74. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

10  Council, making the ALJ's decision the final decision of the Commissioner of Social Security

11  ("Commissioner"). *See* AR 48-52; 20 C.F.R. § 404.981, § 416.1481.

12  In Plaintiff's Opening Brief, Plaintiff raises the following issues:  (1) Whether the ALJ

13  erred in evaluating Plaintiff's borderline intellectual functioning at Step Three of the sequential

14  evaluation process; and (2) Whether remand for payment of benefit is the proper remedy for the

15  harmful error in the ALJ's decision. Dkt. 13, p. 1.

16  <u>STANDARD OF REVIEW</u>

17  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18  social security benefits if the ALJ's findings are based on legal error or not supported by

19  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

20  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

21  <u>DISCUSSION</u>

22  Plaintiff and Defendant agree the ALJ committed reversible error in evaluating whether

23  Plaintiff met Listing 12.05C. Dkts. 13, pp. 2-11; 20. Plaintiff argues the case should be remanded

24

1    for payment of benefits, while Defendant argues the case should be remanded for further

2    administrative proceedings.

3            The Court may remand a case "either for additional evidence and findings or to award

4    benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

5    reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

6    agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

7    Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

8    evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*,

9    211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

10               (1) the ALJ has failed to provide legally sufficient reasons for
11               rejecting [the claimant's] evidence, (2) there are no outstanding
                 issues that must be resolved before a determination of disability
12               can be made, and (3) it is clear from the record that the ALJ would
                 be required to find the claimant disabled were such evidence
13               credited.

14    *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

15            At Step Three of the sequential evaluation process, the ALJ considers whether one or

16    more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to

17    Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each listing sets forth the

18    "symptoms, signs, and laboratory findings" which must be established in order for a claimant's

19    impairment to meet the listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a

20    claimant meets or equals a listing, the claimant is considered disabled without further inquiry.

21    *See* 20 C.F.R. § 416.920(d). To meet Listing 12.05C, a claimant must demonstrate "(1)

22    subaverage intellectual functioning with deficits in adaptive functioning initially manifested

23    before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS- 3

1  an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176

2  (9th Cir. 2013).

3       The parties do not dispute the ALJ found Plaintiff's IQ score, meeting the second 12.05C

4  listing requirement. Dkts. 13, 20. Furthermore, neither party disputes the ALJ found Plaintiff

5  suffered from additional severe impairments at Step Two, meeting the third 12.05C listing

6  requirement. *See e.g. Campbell v. Astrue*, 2011 WL 444783, *18 (E.D. Cal. Feb. 8, 2011)

7  (collecting cases supporting the finding of a severe impairment at Step Two is a *per se* finding of

8  an impairment imposing additional and significant work-related limitations). The ALJ did not

9  address the first 12.05C listing requirement.

10      To meet the first 12.05 C listing requirement, the claimant must demonstrate her

11  impairment "satisfies the diagnostic description" for Listing 12.05 contained in the explanatory

12  material for mental disorders under 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00. *See*

13  *Matter v. Colvin*, 2014 WL 7245726, *3 (W.D. Wash. Dec. 19, 2014) (*citing Foster v. Halter*,

14  279 F.3d 348, 354 (6th Cit. 2001)). The Social Security regulations specifically state

15  
16  
17  
18  
> Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.

19  20 C.F.R. Pt. 404, Subpt. P, App. 1. § 12.00(A). To be found disabled under Listing 12.05C,

20  therefore, Plaintiff must show she had "significantly subaverage general intellectual functioning

21  along with deficits in adaptive functioning initially manifested" prior to age 22. 20 C.F.R. Pt.

22  404, Subpt. P, App. 1. § 12.05C. Courts have found circumstantial evidence can infer a deficit in

23  adaptive functioning prior to age 22. *See e.g. Forsythe v. Astrue*, 2012 WL 217751, *7 (E.D. Cal.

24  Jan. 24, 2012).

1   The record reflects Plaintiff was in special education classes and had dyslexia and

2   learning difficulties prior to age 22. AR 325. Plaintiff, however, was able to earn a high school

3   diploma through Job Corp, and her high school transcripts reflect mostly passing grades. AR 28,

4   271, 325. Based on the age of her children, Plaintiff was raising a child prior to the age of 22. *See*

5   AR 4, 7 (Plaintiff was 31 on the date of the ALJ hearing and testified to having a 14 year old

6   child). Plaintiff was able to work part time as a day care teacher's assistant and full time as a

7   security guard. AR 248-51. Further, Plaintiff told medical professionals she cares for her four

8   children (ranging from age 1 to 14), cooks, and does the laundry and cleaning. AR 241, 404, 407.

9       The ALJ failed to make findings or discuss whether the evidence shows Plaintiff has

10  adaptive functioning deficits which initially manifested prior to age 22. *See* AR 68. While there

11  is evidence of adaptive functioning deficits, the record also contains evidence showing Plaintiff

12  was able to cope fairly adequately with the responsibilities of everyday life prior to age 22 and

13  failed to establish the required deficits. Therefore, outstanding issues remain regarding the

14  degree of Plaintiff's adaptive functioning, and this case must be remanded for further

15  administrative proceedings to resolve the issues. On remand, the ALJ should reevaluate whether

16  Plaintiff meets or equals Listing 12.05C by providing adequate discussion of each element of the

17  listing. *See Matter*, 2014 WL 7245726 (remanding for further administrative proceedings, rather

18  than benefits, where the plaintiff did not graduate from high school or receive her GED, yet the

19  ALJ failed to address adaptive functioning prior to age 22 and did not provide adequate

20  explanation of the IQ scores).

21                                          CONCLUSION

22      Based on the foregoing reason, the Court hereby finds the ALJ improperly concluded

23  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is REVERSED

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS- 5

1   and this matter is REMANDED for further administrative proceedings in accordance with the

2   findings contained herein.

3          Dated this 30th day of June, 2015.

4

5

6                                          David W. Christel
                                           United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS- 6